UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN KELLY BORDERS, | Case No. 1:26-cv-00273-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| ABRAHAM WINGROVE; and ADA COUNTY WHOLE FOODS MARKET, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff Steven Kelly Borders's Complaint (Dkt. 2) and Application for leave to proceed in Forma Pauperis (Dkt. 1).

Under 28 U.S.C. § 1915, the Court must review Borders's request to determine whether he may proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Borders's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, Borders's Application to Proceed in Forma Pauperis is DENIED as MOOT, and his Complaint is DISMISSED without leave to amend.

## II. BACKGROUND

On or around November 24, 2020, Borders was trespassed twice from the Ada County Whole Foods Market ("WFM"). Dkt. 2, at 11. On November 25, Borders again

MEMORANDUM DECISION AND ORDER - 1

entered WFM, which caused WFM employees to call the Boise Police Department ("BPD") after he refused to leave. *Id.* The responding officer issued Borders a citation for trespass, at which point Borders left the premises. Dkt. 2, at 11, 13.

At some point after this, criminal trespass proceedings commenced in state court based on the above facts. *See generally*, Dkt. 2. The proceedings resulted in Ada County Magistrate Judge Abraham Wingrove declaring on September 16, 2022, that Borders was unfit to proceed and committing him to the custody of the Idaho Department of Health and Welfare for care and treatment not to exceed ninety days. Dkt. 2, at 33. In December of 2022, Borders's defense attorney moved for dismissal of the state court criminal case after he had been committed for nearly three months, stating that he remained unfit to proceed. Dkt. 2, at 17. The state agreed not to prosecute the matter further.

Now, over three years after the criminal case concluded and five years after the incident occurred, Borders brings this Complaint, alleging violations of his constitutional rights by both WFM and Judge Wingrove. Dkt. 2, at 4.

### III. LEGAL STANDARD

#### A. Application to Proceed In Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the

MEMORANDUM DECISION AND ORDER - 2

costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified).

## B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678. The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the Federal Rules of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

MEMORANDUM DECISION AND ORDER - 3

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

### A. Application to Proceed In Forma Pauperis

The Court has examined Borders's application to proceed in forma pauperis and finds it does not establish his indigence. Borders lists his monthly income as at least $1,213.00, exclusive of an unspecified amount of further funding from Housing Choice Vouchers, which cover "most of the rent." Dkt. 1, at 2. Borders lists his monthly expenses as being $668.00, with $60 to $70 of that amount dedicated to internet, phone, and television streaming. In short, Borders has approximately $545 in discretionary income each month if the streaming expenses are considered necessities.

Thus, the Court determines Borders is not indigent and cannot proceed without pre-payment of the filing fee. However, as explained below, Borders's Complaint is DISMISSED, so the Application to Proceed In Forma Pauperis is DENIED as MOOT and no filing fee will be required.

### B. Sufficiency of Complaint

Borders's complaint cannot survive an initial analysis under the first two prongs of

MEMORANDUM DECISION AND ORDER - 4

28 U.S.C. § 1915(e)(2): (1) the complaint is frivolous or malicious; (2) the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii). Specifically, Borders's complaint is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (noting a complaint is frivolous if its factual allegations are "clearly baseless," "fantastic," or "delusional"); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) (noting that a plaintiff "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false").

The allegations Borders sets forth in his complaint—specifically, the alleged violations of his constitutional rights—are frivolous. He alleges that WFM violated his freedom of religion and morals by permanently trespassing him for his refusal to wear a mask in the store during the COVID-19 pandemic. Dkt. 2, at 7–8. However, prevailing caselaw shows that mask mandates do not violate the Constitution. *See, e.g.*, *Miranda ex rel. M.M. v. Alexander*, 2021 WL 4352328, at 4 (M.D. La., Sept. 24, 2021) (noting that "there is no constitutional right to not wear a mask"); *Denis v. Ige*, 557 F. Supp. 3d 1083 (D. Haw. 2021) (dismissing a Fourteenth Amendment challenge to a statewide mask-mandate with prejudice because mask-mandates "do not infringe on fundamental rights").

Additionally, Borders's Complaint fails to state a claim upon which relief can be granted, as it is unclear what type of relief would be appropriate given the circumstances. Borders requests a permanent injunction that would order WFM to lift the ban against him, but absent a discriminatory reason for the ban, WFM may exclude anyone it wishes from its premises. Further, Borders's claim against Judge Wingrove for committing him to the state Department of Health and Welfare due to his unfitness to proceed with his criminal

MEMORANDUM DECISION AND ORDER - 5

does not constitute an unconstitutional deprivation of his rights. Civil commitment has long been considered necessary and proper to the legitimate government interest of general societal peace and welfare. *See, e.g., United States v. Comstock*, 560 U.S. 126, 148 (2010). Beyond this fact, Borders's commitment ended over three years ago, and there is no reason to believe a future commitment is impending as the State dropped its criminal case against him. As such, no relief is necessary in response to Judge Wingrove's actions.

In sum, the Court finds Borders's complaint to be frivolous and to lack any grounds upon which relief could be granted, so the Complaint must be DISMISSED without leave to amend.

### V. ORDER

The Court HEREBY ORDERS:

1. Borders's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT.

2. After an initial review of the Complaint, the Court will not allow Borders to proceed with his claims against WFM or Judge Wingrove. Borders's Complaint is DISMISSED without leave to amend.

3. The case is CLOSED.

DATED: May 29, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6